## COMMONWEALTH *vs.* JOSEPH DOTY.

A defendant, who appeals to the court of common pleas from a sentence awarded against him by a justice of the peace, cannot be legally convicted on the appeal, unless the justice has transmitted certified copies of the proceedings before him; and when the papers transmitted by the justice are not certified as copies, the defendant does not waive the objection by going to trial without raising it.

Where the judgment of the court of common pleas against a defendant in a criminal case on an appeal from a justice of the peace, was set aside, on exceptions thereto, because a certified copy of the proceedings before the justice had not been transmitted by him, the case was remanded to that court, that a trial *de novo* might be had there, if the proper certified copies should be transmitted and filed.

THE defendant was convicted, before a justice of the peace, of an assault and battery, and on appeal to the court of common pleas, was found guilty by the jury. He thereupon filed a motion in arrest of judgment, because it did not appear that the papers used on the trial were true copies of the proceedings before the justice. This motion was overruled and the case brought into this court upon exceptions.

The papers sent by the justice to the court of common pleas consisted of a complaint against the defendant, a warrant thereon, the officer's return of service, the justice's judgment, and a statement that the defendant appealed therefrom and entered into recognizance, with sureties, to prosecute his appeal. But the justice did not certify that said papers were " copies " of the conviction and other proceedings in the case.

*S. Miller*, for the defendant. The Rev. Sts. *c.* 138, § 2, require that a *copy* shall be transmitted by the justice to the court of common pleas. The papers, in this case, are not certified to be copies ; they would seem, on inspection, to be originals.

The defendant has not waived this objection by going to trial *Latham* v. *Edgerton*, 9 Cow. 227.

*Austin*, (Attorney General,) for the Commonwealth. Original papers are good evidence ; *Brooks* v. *Daniels*, 22 Pick. 498 ; and those which were used, in this case, may be regarded as duplicate originals. If, however, certified copies ought, in

strictness, to have been transmitted, yet the defendant has waived the irregularity, by proceeding to trial without objection.

DEWEY, J. The jurisdiction of the court of common pleas, in the present instance, was wholly an appellate one, and the only case before it was that presented by the papers transmitted by the magistrate who had original jurisdiction of the same.

The right of appeal from the sentence of a justice of the peace, upon a conviction before him of any criminal offence, is given by Rev. Sts. *c.* 138, § 1 ; and by § 2, it is enacted that "the justice, on such appeal, shall make a copy of the conviction and other proceedings in the case, and transmit the same to the clerk of the court appealed to."

The alleged defect in the papers on file in the court of common pleas is, that they are not *certified* by the justice to be copies of the proceedings before him.

Under the provisions of the Rev. Sts. *c.* 138, it is to be observed that the duty of procuring and filing copies of the case does not, as formerly, devolve upon the appellant, but is required of the magistrate, and the fees therefor are to be paid by the Commonwealth. There was, therefore, no laches on the part of the appellant, in not procuring and filing proper copies.

Laches, however, of another kind, is imputed to him, and which it is said must operate as a waiver of the objection now interposed. It is insisted, on the part of the Commonwealth, that the defendant should have objected to the defect in the papers filed, and upon which his case was to be put to the jury, before submitting himself to a trial by the jury. This suggestion seemed at first to have some weight ; but its application will be found to be too broad to be adopted in criminal cases. It would cure all deficiencies, omissions, and informalities, in the papers filed, and the party might be sentenced in the appellate court, without any thing, appearing on the records or the files of that court, giving it jurisdiction of the case. The court are therefore of opinion that the question now raised is open to the appellant.

Upon the principal question in the case, although we are fully

aware that the papers filed and acted upon approach very nearly to the requirements of the statute, yet when called upon to sanction them as a precedent for future cases, we think we should, by so doing, countenance a practice not strictly conformable to the statute, and one susceptible of abuse. Deeming it, as we do, highly important that those forms which are provided by law for the authentication of the papers, transmitted to the common pleas from the justice, should be strictly adhered to, we have come to the conclusion that the papers filed in this case were not properly authenticated, and do not authorize a judgment and sentence against the defendant.

The further inquiry respects the effect of sustaining this exception. By the Rev. Sts. *c.* 138, § 14, full authority is given to this court, in criminal cases brought before it by exception, " to render such judgment and award such sentence, or make such order thereon, as law and justice shall require ; and a new trial may be ordered at the bar of the supreme judicial court, or the cause may be remanded to the court of common pleas for a new trial there." Under this broad discretionary authority given to this court, in making a final disposition of a case brought before it by exceptions, the court will always look at the nature of the exceptions which have been taken and sustained. If they disclose an irremediable defect in the case presented by the government, as a bad indictment, or that the matter alleged against the party constitutes no offence in law, the party is discharged as to the case brought before the court, and no further proceedings are had thereon ; but if the exceptions arose upon some ruling of the court upon a point that may be obviated on a new trial, and which does not necessarily show that there must eventually be an acquittal or discharge of the party from the present prosecution, the court will order a new trial. This seems to us to be a case of the latter description. The appeal was well taken, and there is no reason to suppose that duly authenticated copies of the proceedings before the justice cannot be procured, and the case put to a jury under such circumstances as will fully secure all the legal rights of the defendant. The exceptions are therefore so far sustained that the court ad-

judge that no judgment should have been entered on the verdict of the jury ; the papers, filed in the case, not being duly certified by the justice, before whom the case was originally heard and determined, to be copies of the proceedings before him. And the court further order that the case be remanded to the court of common pleas, for further proceedings in that court, where, upon the filing of the proper certified copies, the case may proceed to a trial *de novo*.